**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-00158-STV

JOHN DOE and
JANE DOE,

      Plaintiffs,

v.

T-MOBILE,
WIRELESS VISION TECHNOLOGIES, LLC, and
KEVIN MORENO-GABINO,

      Defendants.
_____

**ORDER TO SHOW CAUSE**
_____

Magistrate Judge Scott T. Varholak

      This civil action is before the Court *sua sponte* upon the Court's review of Plaintiffs' Joint Complaint and Jury Demand (the "Complaint"). [#1] "A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). Accordingly, even "[i]f the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Because federal courts are courts of limited jurisdiction, the Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir.1999).

Because Plaintiffs invoked federal jurisdiction by filing its Complaint in this Court, Plaintiffs bears the burden to establish the Court's subject matter jurisdiction.  *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

## I.  USE OF PSEUDONYMS

In the Complaint, Plaintiffs are identified only as "Jane Doe" and "John Doe."  [#1 at 1, 2]  "When a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so."[1]  *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).  As the Tenth Circuit has explained:

> "Proceeding under a pseudonym in federal courts is, by all accounts, 'an unusual procedure.'"  *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir.2000) (quoting *MM v. Zavaras*, 139 F.3d 798, 800 (10th Cir.1998)). Rule 10(a) of the Federal Rules of Civil Procedure requires that every pleading contain a caption setting forth, inter alia, "the title of the action," and this title must include "the names of all the parties." Similarly, Rule 17(a) mandates that "every action shall be prosecuted in the name of the real party in interest."  *See also Femedeer*, 227 F.3d at 1246. The Rules provide no exception that allows parties to proceed anonymously or under fictitious names such as initials.  *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.1989) (per curiam).   Nevertheless, in "certain limited circumstances," courts do allow a party to proceed under a pseudonym.  *Id.*

*Yocom*, 257 F.3d at 1172.[2]   Even when permission is granted to proceed using a pseudonym, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."  *Id.*

Here, Plaintiffs have not petitioned the Court for permission to file the Complaint

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(a), a filing with the Court that contains the name of an individual known to be a minor may include only the minor's initials. Rule 5.2(a) does not appear applicable here and, regardless, Plaintiffs have not identified themselves using their initials.

[2] Although the language of Rule 10(a) and Rule 17(a) have been modified since the Tenth Circuit decided *Yocom*, Rule 10(a) still requires that "[t]he title of the complaint must name all the parties," and Rule 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest."

utilizing pseudonyms.  The Tenth Circuit has cautioned that "[w]here no permission is granted, 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'"  *Id.* (quoting *Nat'l Commodity & Barter Ass'n*, 886 F.2d at 1245).

Accordingly, in the absence of a successful request by Plaintiffs to proceed utilizing pseudonyms, it appears that this Court lacks jurisdiction over this case.

## II.   DIVERSITY JURISDICTION

In the Complaint, Plaintiffs contend that the Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332."  [#1, ¶ 24]  Pursuant to Section 1332, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  Diversity jurisdiction requires complete diversity—*i.e.*, "no plaintiff may be a citizen of the same state as any defendant."  *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).  "A party's citizenship is determined at the time the complaint was filed."  *First Mezzanine Inv'rs, LLC v. BMGI Corp.*, No. 16-CV-02409-PAB, 2016 WL 6779304, at *2 (D. Colo. Nov. 15, 2016) (citing *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015)).

Here, the Complaint is insufficient to establish complete diversity as it fails adequately to establish the citizenship of any of the parties.  With regard to Plaintiffs, the Complaint alleges only that "Plaintiffs John and Jane Doe are and have been, at all times pertinent to the facts and allegations herein, residents of Colorado where they have lived since 2016."  [#1 at ¶ 6]  As the Tenth Circuit has instructed, however, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant

for determining citizenship." *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1238.  "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  The allegations in the Complaint thus are insufficient for the Court to determine Plaintiffs' citizenship.

With regard to Defendant T-Mobile, Plaintiffs alleges only that T-Mobile's "corporate headquarters is located in the State of Washington at 12920 Southeast 38th Street Bellevue, WA 98006" and that T-Mobile "is registered to do business in Colorado."  [#1, ¶¶ 7, 8] Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  Because Plaintiff, has not identified the state(s) in which T-Mobile has been incorporated, the Court is unable to determine T-Mobile's state(s) of citizenship.

With regard to Defendant Wireless Vision Technologies, LLC ("WVT"), Plaintiffs allege that WVT "is a Michigan corporation but operates over 700 T-Mobile franchises in 30 or more states, including Colorado," "operated a T-Mobile cellphone store located . . . in Milwaukee, Wisconsin," and "is registered to do business in Colorado."  [#1, ¶¶ 14-16]  Unlike a corporation, the citizenship of a limited liability company such as WVT is not based upon the state of its organization and the state where it has its principal place of business.  Instead, the citizenship of unincorporated entities, such as limited liability companies, is determined by looking to the citizenship of its members.  *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (holding that citizenship of an unincorporated entity is determined by considering the citizenship

of all of the entity's members); *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1046-47 (10th Cir. 2016) (holding that "federal courts must treat LLCs as partnerships for purposes of establishing jurisdiction").  The Court thus is unable to determine WVT's citizenship for purposes of diversity jurisdiction, because Plaintiff has failed to identify WVT's members and the citizenship of those members.

With regard to Defendant Kevin Moreno-Gabino, Plaintiffs allege only that Mr. Moreno-Gabino was "was at all times pertinent to the matters set forth herein an employee of [WVT] serving as an assistant manager of [a WVT store in Milwaukee, Wisconsin]."  [#1, ¶¶ 15, 21]  Plaintiffs fail to allege where Mr. Moreno-Gabino was domiciled at the time the lawsuit was filed, which, as explained above, is the relevant inquiry for determining an individual's citizenship for diversity purposes.  The Court thus is unable to determine the citizenship of Mr. Moreno-Gabino.

## III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that, on or before **February 28, 2022,** Plaintiffs shall:

(1)    File an amended complaint resolving the deficiencies in jurisdiction identified herein; or

(2)    Show cause, if any there be, in writing, why this case should not be dismissed for lack of jurisdiction.

**Plaintiffs are cautioned that failure to timely comply with this Order will result in a recommendation of dismissal of this action**.

DATED:  January 28, 2022                    BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

5