IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00158-WJM

JOHN DOE and
JANE DOE

Plaintiffs,

v.

T-MOBILE USA, INC.,
WIRELESS VISION, LLC, and
KEVIN MORENO-GABINO

Defendants.

---

**PLAINTIFFS AND DEFENDANTS T-MOBILE USA, INC. AND WIRELESS VISION, LLC'S JOINT MOTION TO ADMINISTRATIVELY CLOSE THE CASE AND [PROPOSED] ORDER**

---

Pursuant to the Court's order of June 21, 2022 (ECF No. 36), Plaintiffs and Defendants T-Mobile USA Inc. and Wireless Vision, LLC (collectively, the "Parties") jointly move to administratively close this action for the following reasons:

1. **Administrative Closure**. Pursuant to Local Civil Rule 41.2 entitled "Administrative Closure," "[a] district judge [] may order the clerk to close a civil action administratively subject to reopening for good cause." D.C.Colo.L.Civ.R. 41.2. An administrative closure "is a way for the court to manage its docket by 'shelv[ing] pending, but dormant, cases' without a final adjudication." *Houghteling v. Country Mutual Ins. Co.*, No. 21-CV-02035-WJM-NYW, 2021 WL 8944767, at *1 (D. Colo. Sept. 3, 2021) (issuing order to show cause why case should not be administratively closed pending mediation) (citations omitted). In many instances, an administrative closure is recommended or preferred where the

length of time needed for settlement negotiations is uncertain. *See, e.g.*, *Mccullon v. Parry*, No. 18-cv-00469-NYW, 2021 WL 877718, at *2 (D. Colo. Mar. 9, 2021) (electing to administratively close the matter subject to reopening for good cause where the parties informed the court that they were exploring settlement via mediation); *Dab Drilling, Inc. v. Dabovich*, No. 18-CV-01197-WJM-NRN, 2020 WL 6262997, at *1 (D. Colo. Jan. 29, 2020) (recommending administrative closure pending the resolution of settlement negotiations), *report and recommendation adopted*, No. 18-CV-1197-WJM-NRN, 2020 WL 6262998 (D. Colo. Feb. 7, 2020); *Wiggins v. Raemisch*, No. 17-cv-00681-PAB-KLM, 2018 WL 6837760, at *2 (D. Colo. Dec. 31, 2018) (recommending administrative closure rather than stay pending settlement negotiations).

      2.    **Stipulation to Alternative Dispute Resolution**. On May 20, 2022, the Parties filed a stipulation agreeing to an early mediation, and if mediation is unsuccessful, then agreeing to binding arbitration. *See* ECF No. 27.

      **WHEREFORE**, the Parties respectfully request an administrative closure of the above-captioned action.

Dated: July 5, 2022

                                    Respectfully submitted,

                                    */s/ Michael Bennett*
                                    Michael B. Bennett
                                    Culhane Meadows PLLC
                                    13101 Preston Road, Ste. 110-1520
                                    Dallas, Texas 75240
                                    Telephone: 713 243 3596
                                    mbennett@cm.law

                                    ATTORNEY FOR T-MOBILE USA, INC.

                                    */s/ Craig Lee*
                                    Craig Y. Lee

Perie Reiko Koyama
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:  202-955-1500
craiglee@hunton.com
pkoyama@hunton.com

ATTORNEY FOR WIRELESS VISION, LLC

*/s/ Brian Hugen*
Brian Hugen
Ramos Law
10190 Bannock St Suite 200
Northglenn, CO 80260
Telephone: 303-733-6353
BrianH@ramoslaw.com

ATTORNEY FOR JOHN DOE

*/s/ Greg Gold*
Greg Gold
Lars F. Bergstrom
The Gold Law Firm, LLC
7375 E. Orchard Road #300
Greenwood Village, CO 80111
Telephone: 303-694-4653
greg@thegoldlawfirm.net
lars@thegoldlawfirm.net

ATTORNEY FOR JANE DOE